# UNITED STATE DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| C.H. Robinson Worldwide, Inc., C.H. Robinson Company, Inc., and C.H. Robinson Company,<br><br>Plaintiffs,<br><br>v.<br><br>George Lobrano, Jr.,<br><br>Defendant. | Court File No.:_____<br><br><br>**NOTICE OF REMOVAL** |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant George Lobrano, Jr. ("Mr. Lobrano"), with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, removes this action to the U.S. District Court for the District of Minnesota from the State of Minnesota District Court, Hennepin County, Fourth Judicial District. Removal is proper because, as demonstrated below, this Court has original jurisdiction over this matter, and Mr. Lobrano's removal is otherwise proper and timely.

## THE MINNESOTA STATE COURT ACTION

1. On December 21, 2010, Plaintiffs C.H. Robinson Worldwide, Inc., C.H. Robinson Company, Inc., and C.H. Robinson Company (collectively referred to as "CHRW") filed a lawsuit against Mr. Lobrano in the State of Minnesota District Court, Hennepin County, Fourth Judicial District, entitled *C.H. Robinson Worldwide, Inc., C.H.*

*Robinson Company, Inc., and C.H. Robinson Company v. George Lobrano, Jr.*, No. 27-CV-28439 ("the Minnesota State Court Action").

2. Mr. Lobrano learned of the Minnesota State Court Action on December 21, 2010, when his Lousiana counsel was given notice of a hearing upon a motion for a temporary restraining order scheduled in the Minnesota State Court Action for Thursday, December 23, 2010. Mr. Lobrano's counsel was also provided a copy of the Summons and Complaint in the Minnesota State Court Action on that date.

3. Mr. Lobrano has not been served with the Summons and Complaint and no one has accepted service thereof on his behalf.

4. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of Mr. Lobrano's receipt of the Summons and Complaint, through service or otherwise.

5. Attached hereto as Exhibit A are true and correct copies of the following pleadings and documents in the Minnesota State Court Action:

    (1) CHRW's Verified Complaint;

    (2) CHRW's Certificate of Representation and Parties;

    (3) CHRW's Notice of Motion and Motion for Anti-Suit Injunction;

    (4) CHRW's Amended Notice of Motion and Motion for Anti-Suit Injunction;

    (5) CHRW's Memorandum of Law in Support of Motion for Anti-Suit Injunction;

    (6) CHRW's proposed Order Granting Anti-Suit Injunction;

(7)  The affidavit of Molly DuBois submitted by CHRW;

(8)  The affidavit of Peter A. Carlson (with attached exhibits) submitted by CHRW;

(9)  The summons requested by CHRW; and

(10) The cover letter forwarded by CHRW regarding the above referenced pleadings.

## THE LOUISIANA ACTION

6. The Minnesota State Court Action arises from a pending lawsuit between the parties in the U.S. District Court for the Western District of Louisiana, as detailed below.

7. On November 12, 2010, Mr. Lobrano filed a lawsuit against CHRW in the First Judicial District Court, Caddo Parish, State of Louisiana, entitled *George Lobrano, Jr. v. C.H. Robinson Worldwide, Inc., C.H. Robinson Transportation Company, Inc., and C.H. Robinson Company*, No. 545948 ("the Louisiana Action").

8. In the Louisiana Action, Mr. Lobrano seeks a declaratory judgment that certain restrictive covenants contained within an employment agreement previously executed and entered into by and between the parties are null, void, and unenforceable.

9. Following service of the Complaint in the Louisiana Action, CHRW filed a Notice of Removal of that action to the U.S. District Court for the Western District of Louisiana. Attached hereto as Exhibit B is a true and correct copy of the Notice of Removal filed by CHRW in the U.S. District Court for the Western District of Louisiana.

10. The Louisiana Action is currently pending in the U.S. District Court for the Western District of Louisiana as Civil Action No. 10-cv-1775. Mr. Lobrano filed a Motion for Summary Judgment on December 10, 2010 in this action, and oral argument on this motion is scheduled for January 25, 2011.

11. In its Complaint in the Minnesota State Court Action, CHRW requests the issuance of an anti-suit injunction prohibiting Mr. Lobrano from pursuing the Louisiana Action. The basis for CHRW's request is a venue and choice of law provision contained within the aforementioned employment agreement, which provision Mr. Lobrano contends in the Lousiana action is illegal and unenforceable under Louisiana law.

12. Contemporaneous with the filing hereof, Mr. Lobrano has filed a Motion to Dismiss, Stay, or Transfer proceedings in this Court pursuant to the first-filed rule and 28 U.S.C. §§ 1404(a) and 1406(a).

## APPLICABLE STATUTES

13. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and which may be removed to this Court under 28 U.S.C. § 1441.

## DIVERSITY OF CITIZENSHIP

14. Plaintiffs are:

(1) C.H. Robinson Worldwide, Inc., a corporation organized and existing under the laws of Delaware with its headquarters and principal place of business in the State of Minnesota (CHRW's Verified Complaint ¶1);

(2) C.H. Robinson Company, Inc., a corporation organized and existing under the laws of Minnesota with its headquarters and principal place of business in the State of Minnesota (CHRW's Verified Complaint ¶ 2); and

(3) C.H. Robinson Company, a corporation organized and existing under the laws of Delaware with its headquarters and principal place of business in the State of Minnesota (CHRW's Verified Complaint ¶ 3).

15. Mr. Lobrano is a citizen of the State of Louisiana.

16. Upon information and belief, no change in the citizenship of any of the parties has occurred since the commencement of this action. As such there is complete diversity of citizenship between the parties.

## AMOUNT IN CONTROVERSY

17. Through its Complaint, CHRW seeks: (1) enforcement of the aforementioned restrictive covenants (as explained herein, it is Mr. Lobrano's position that the restrictive covenants are null, void, and unenforceable); (2) an award of general and liquidated damages in an amount "in excess of $50,000.00"; (3) for temporary and permanent injunctive relief; (4) an award of attorney's fees, costs, and disbursements; (5) an award of pre-judgment interest; and (6) the issuance of the aforementioned anti-suit injunction. (Complaint.)

18. In connection with its removal of the action instituted by Mr. Lobrano that is currently pending in the U.S. District Court for the Western District of Louisiana, CHRW judicially admitted and represented to the Court that it values its claims against

Mr. Lobrano at an amount in excess of $75,000.00.  (CHRW's Notice of Removal ¶¶ 14-15.)

19. Specifically, CHRW has alleged that the restrictive covenants it seeks to enforce, and that Mr. Lobrano seeks to nullify, are "worth at least $500,000." (*Id.*)

20. In addition, CHRW has calculated the liquidated damages it seeks from Mr. Lobrano at a value of at least $500,000.00. (*Id.* ¶ 14.)

21. Thus, the amount in controversy between the parties clearly exceeds $75,000.00, exclusive of interest and costs.

22. Under 28 U.S.C. §§ 1332 and 1441, this case is therefore properly removed to this Court, the U.S. District Court for the District of Minnesota, as the district and division embracing the place where the Minnesota State Court Action is pending.

## CONCURRENT NOTICE TO STATE COURT

23. Mr. Lobrano is concurrently filing a Notice of Filing with the Clerk of the State of Minnesota District Court, Hennepin County, Fourth Judicial District, pursuant to 28 U.S.C. § 1446(d).  A copy of this notice will also be served on counsel for Plaintiffs. A true and correct copy of the Notification is attached as Exhibit C (without attached exhibit).

## RESERVATION OF ALL DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Mr. Lobrano's rights to assert any defenses including, without limitation, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, improper joinder of claims

and/or parties, failure to state a claim, failure to join an indispensible party or parties, or any other procedural or substantive defense available under state or federal law.

24. If any question arises as to the propriety of the removal of this action, Mr. Lobrano requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

**WHEREFORE**, Mr. Lobrano respectfully notifies this Court that, pursuant to 28 U.S.C. §§ 1332 and 1441, this Action has been removed from the U.S. District Court for the District of Minnesota.

Dated: December 23, 2010 **MASLON EDELMAN BORMAN & BRAND, LLP**

By: s/Sarah A. Horstmann
    William Z. Pentelovitch (#85078)
    Sarah A. Horstmann (#0387823)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: 612.672.8200
Fax: 612.672.8397

-and-

**COOK, YANCEY, KING & GALLOWAY, APLC**

S. Price Barker (to be admitted *pro hac vice*)
Michael D. Lowe (to be admitted *pro hac vice*)
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Tel: 318.221.6277
Fax: 318.227.7850

**ATTORNEYS FOR DEFENDANT
GEORGE LOBRANO, JR.**

775523